```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
_____

UNITED REFUSE, LLC,            )
                               )
     Appellant,                )
                               )
         v.                    )     1:05cv438 (JCC)
                               )
UNITED LEASING CORP.,          )
                               )
     Appellee.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Dismissal of Appeal filed by United Refuse, LLC, and United Leasing Corp., and a Motion to Strike "Dismissal of Appeal," or in the alternative, Motion to Substitute Parties on Appeal.  The Court must determine whether it has jurisdiction to hear an appeal filed by James and Suzanne Lehner in the name of United Refuse, LLC.  For the reasons listed below, the Court finds that it lacks jurisdiction and will dismiss the appeal.

**I. Background**

Debtor United Refuse LLC, ("United Refuse,") filed a complaint on April 30, 2004, in the bankruptcy court against Defendant United Leasing Corporation, ("United Leasing,") to determine the validity, priority, and extent of certain lien(s).  On July 27, 2004, United Leasing filed a counterclaim against United Refuse, James Lehner, and Suzanne Lehner.  By order

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
_____

UNITED REFUSE, LLC,            )
                               )
     Appellant,                )
                               )
         v.                    )     1:05cv438 (JCC)
                               )
UNITED LEASING CORP.,          )
                               )
     Appellee.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Dismissal of Appeal filed by United Refuse, LLC, and United Leasing Corp., and a Motion to Strike "Dismissal of Appeal," or in the alternative, Motion to Substitute Parties on Appeal.  The Court must determine whether it has jurisdiction to hear an appeal filed by James and Suzanne Lehner in the name of United Refuse, LLC.  For the reasons listed below, the Court finds that it lacks jurisdiction and will dismiss the appeal.

**I. Background**

Debtor United Refuse LLC, ("United Refuse,") filed a complaint on April 30, 2004, in the bankruptcy court against Defendant United Leasing Corporation, ("United Leasing,") to determine the validity, priority, and extent of certain lien(s).  On July 27, 2004, United Leasing filed a counterclaim against United Refuse, James Lehner, and Suzanne Lehner.  By order

Case 1:05-cv-00438-JCC-TRJ   Document 17   Filed 07/06/05   Page 2 of 9 PageID# 2

entered October 7, 2004 and signed by counsel for United Refuse (Gregory Wade), counsel for United Leasing (William Daniel Sullivan), James Lehner, Suzanne Lehner, and Edward Shield, the bankruptcy court ordered that: (1) James and Suzanne Lehner were dismissed without prejudice as parties to the Counterclaim; (2) the Lehners would be personally bound by the Court's determination of this matter; and (3) the Lehners would participate to the same extent as they would be required to do if they were parties named in the suit.

After a trial, the bankruptcy court entered an order on March 14, 2005, which *inter alia*: (1) declared that the Lehners hold legal title to United Refuse for the benefit of United Leasing Corporation which holds all of the beneficial ownership of United Refuse; and (2) ordered the Lehners to "execute such documents and take such actions as may be reasonably necessary or appropriate to convey all legal title of United Refuse LLC to United Leasing Corporation." The bankruptcy court's order also stated: "In accordance with the stipulation and agreement of the parties, Edward Shield, James Lehner and Suzanne Lehner are fully bound by this order the same as if they were parties to this case." The bankruptcy judge stated when giving his ruling: "Mr. and Mrs. Lehner, you have heard the judgment of the Court and you have heard your counsel. You have the right to appeal." (Tr. at 58).

-2-

Execution of the March 14, 2005 order was automatically stayed for ten days pursuant to Federal Rule of Bankruptcy Procedure 7062.[1]  On March 24, 2005, attorney Steven Biss filed a notice of appeal in the bankruptcy court in the name of United Refuse which does not contain any reference to the Lehners.

On May 5, 2005, the bankruptcy court entered an order approving the employment of Kermit Rosenberg as attorney for debtor United Refuse in the bankruptcy proceedings effective April 14, 2005.  Biss filed a Brief in this Court on May 9, 2005 which is styled as "Brief of the Appellant," is captioned as "In re: United Refuse LLC," but asserts an appeal by the Lehners.[2]

On May 9, 2005, United Refuse, by attorney Rosenberg, and United Leasing filed a "Dismissal of Appeal," which stated that United Refuse did not want the Lehners to appeal on its

---

[1] Federal Rule of Bankruptcy Procedure 7062 provides: "Rule 62 F.R.Civ.P. applies in adversary proceedings."  Fed. R. Bank. P. 7062.  Rule 62 provides in pertinent part: "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."  Fed. R. Civ. P. 62(a).

[2] Among the nine issues on appeal are:

- Did United Leasing carry its burden of proving by clear and convincing evidence that the parties intended for United Refuse to be held in trust for the benefit of United Leasing?
- Did the Bankruptcy Court err in ruling that James and Suzanne Lehner only held bare legal title without any beneficial ownership?
- Did the Bankruptcy Court err in ruling that United Leasing held any of the beneficial ownership of United Refuse?
- Did the Bankruptcy Court err in ruling that James and Suzanne Lehner failed to show that the transfer of beneficial interest to them was fair and equitable?
- Should United Leasing be estopped by its representations and conduct from asserting any beneficial ownership interest in United Refuse?

behalf.  On June 6, 2005, Biss filed a Motion to Strike "Dismissal of Appeal," or in the alternative, Motion to Substitute Parties on Appeal.  On June 13, 2005, United Refuse, by attorney Rosenberg, and United Leasing filed an Agreement to Dismissal Appeal which stated that United Refuse and United Leasing agreed to dismiss the appeal.

The issue currently before the Court is whether the Court has jurisdiction over the appeal filed in the name of United Refuse by the Lehners.

## II. Analysis

Under Federal Rule of Bankruptcy Procedure 8001(a), the notice of appeal must set forth the names of all parties to the judgment appealed from and the names, addresses, and telephone numbers of the parties' respective attorneys.  Fed. R. Bank. P. 8001(a).  "The requirements of Rule 8001(a) are strictly interpreted.  Thus, the failure to specifically name an appellant in the notice of appeal will deprive the appellate court of jurisdiction over the unnamed party."  Lawrence Ponoroff & Stephen E. Snyder, Commercial Bankruptcy Litigation § 4:7 (June 2005)(citing *Storage Tech. Corp. v. U.S. Dist. Court*, 934 F.2d 244 (10th Cir. 1991)(applying *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1998))).  The advisory committee note to Rule 8001 states that: "[s]ubdivisions (a) and (b) require that a notice of

appeal be filed whenever a litigant seeks to secure appellate review." Fed. R. Bank. P. 8001 note (emphasis added).

In *Torres*, the Supreme Court held that the requirements of Federal Rule of Appellate Procedure 3(c) are jurisdictional. *Mallas v. United States*, 993 F.2d 1111, 1116 (4th Cir. 1993). The Supreme Court held that the Court of Appeals lacked jurisdiction over a party to the original complaint whose name was omitted from the notice of appeal due to a clerical error. *Torres*, 487 U.S. at 317. Rule 3(c) was then amended in 1993 "to reduce the amount of satellite litigation spawned by" *Torres* regarding whether a notice of appeal that contains some indication of the appellants' identities but does not name the appellants is sufficiently specific. Fed. R. App. P. 3(c) note to subdivision (c).

Rule 3(c) now provides: "The notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ." Fed. R. App. P. 3(c)(2005). An Advisory Comment Note following Rule 3 explains:

> The amendment states a general rule that specifying the parties should be done by naming them.  Naming an appellant in an otherwise timely and proper notice of appeal ensures that the appellant has perfected an appeal.  However, in order to prevent the loss of a right to appeal through inadvertent omission of a party's name or continued use of such terms as "et al.," which are sufficient in all district court filings after the complaint, the amendment allows an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually.  The test established

>by the rule for determining whether such designations are sufficient is *whether it is objectively clear that a party intended to appeal*.

Fed. R. App. P. 3(c) note to subdivision (c)(emphasis added).

The rationale of Rule 3(c) has been applied by some Courts of Appeals to appeals from bankruptcy proceedings. *See, e.g., In re: Continental Airlines*, 125 F.3d 120 (3d Cir. 1997); *In re Davis*, 246 B.R. 646, 655-56 (10th Cir 2000), *affirmed in part and vacated in part by*, *In re Davis*, 35 Fed. Appx. 826, 2002 WL 1044832 (10th Cir. May 24, 2002). Others have declined to apply Rule 3(c), and instead applied Rule 8001 of the Federal Rules of Bankruptcy Procedure. *See, e.g., Matter of Case*, 937 F.2d 1014, 1021 (5th Cir. 1991); *In re Cascade Roads, Inc.*, 34 F.3d 756, 761-62 (9th Cir. 1994).

The Fourth Circuit has yet to determine which rule applies in this situation. In this instance the Court need not make such a determination because under either rule, the Court does not have jurisdiction to hear the appeal.

The Court clearly lacks jurisdiction under Rule 3(c) of the Federal Rules of Appellate Procedure because the notice of appeal does not contain the names of James and Suzanne Lehner. It is not at all clear that the Lehners intended to appeal. Rather, the notice of appeal indicates that United Refuse filed the appeal. However, it is the Lehners, not United Refuse, that seek to appeal. Under Rule 3(c), the Court lacks jurisdiction to hear the Lehners' appeal.

The Court also lacks jurisdiction under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.  In *Matter of Case*, the Third Circuit explained that Federal Rule of Bankruptcy Procedure 8001 is materially different from Federal Rule of Appellate Procedure 3(c): "Rule 8001 requires only that the notices 'contain' the names of all parties and their attorneys . . . . Rule 8001 lacks the 'specify' requirement that *Torres* concluded was the essence of Fed. R. App. P. 3(c)."  937 F.2d at 1021.  At issue in that case was whether an attorney representing a party to the bankruptcy proceedings against whom sanctions were levied had to specifically name himself as a party appealing the joint and several judgment of the bankruptcy court.  The judgment of the bankruptcy court levied the sanctions against him and required his client to pay attorneys' fees to his opponent.  Since the notice of appeal in that case contained the names of two people who were designated as parties, and the names of their respective attorneys as well as the judgment appealed from, the court held that the notice met the requirements of Rule 8001.  *Id.*  The court stated that "Congress did not intend that an attorney representing a litigant, though made a 'party in interest' in the judgment by virtue of the sanctions award, to have to specifically name himself as a party appealing a joint and several judgment under Rule 8001."  *Id.*

However, that case is different from the instant case for two reasons. First, the people seeking the appeal in *Case* had been held jointly and severally liable by the bankruptcy court, so the notice of appeal listing the party as a party appellant brought all the issues before the district court for review. *Id.* at 1020. Second, the name of the attorney seeking the appeal was contained on the notice of appeal. In the instant case, the Lehners' appeal is not linked in any way to an appeal by United Refuse, and the names of James and Suzanne Lehner do not appear on the notice of appeal. Thus the notice of appeal does not meet the requirements of Rule 8001(a) and the Court lacks jurisdiction to hear the Lehners' appeal.

Under either Federal Rule of Appellate Procedure 3(c) or Federal Rule of Bankruptcy Procedure 8001(a), the Court lacks jurisdiction over the Lehners' appeal. Accordingly, the Court will dismiss the appeal, deny the Motion to Strike "Dismissal of Appeal," and deny the Motion to Substitute Parties on Appeal.

### III. Conclusion

For the reasons stated above, the Court will dismiss the appeal, deny the Motion to Strike "Dismissal of Appeal," and

deny the Motion to Substitute Parties on Appeal.  An appropriate Order will issue.

July 6, 2005                              /s/
Alexandria, Virginia         UNITED STATES DISTRICT COURT JUDGE